**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 25-4222

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARION LAMONT FLOWERS,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:22-cr-00135-D-BM-1)

_____

Submitted:  March 26, 2026                    Decided:  March 31, 2026

_____

Before RICHARDSON and BERNER, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Eugene E. Lester, III, LESTER LAW, Greensboro, North Carolina, for Appellant.  W. Ellis Boyle, United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marion Lamont Flowers pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, a quantity of cocaine, a quantity of cocaine base, and a quantity of fentanyl, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846; and possession with intent to distribute 50 grams or more of methamphetamine, a quantity of cocaine, a quantity of cocaine base, and a quantity of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). The district court sentenced him to 276 months' imprisonment. On appeal, Flowers contends that his appellate waiver was not knowing and voluntary and that counsel rendered ineffective assistance. We affirm.

"We review an appellate waiver de novo to determine whether the waiver is enforceable," and "we will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

Our review of the record, including the plea agreement and the transcript of the Rule 11 hearing, confirms that Flowers knowingly and voluntarily pleaded guilty. In addition,

Flowers knowingly and intelligently waived his right to appeal his conviction and sentence, with limited exceptions.  We therefore conclude that the waiver is valid and enforceable.

The appeal waiver does not preclude our review of Flowers's ineffective assistance of counsel claim.  However, "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record, [ineffective assistance] claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016).  The record before us does not conclusively establish that plea and sentencing counsel rendered ineffective assistance. Accordingly, Flowers's "ineffective assistance claim[s] should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Kemp*, 88 F.4th 539, 546 (4th Cir. 2023) (internal quotation marks omitted).  We therefore affirm the district court's judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*